IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM DEMON McBRIDE**                                                   **PLAINTIFF**

**VS.**                                          **CIVIL ACTION: 1:14cv344-KS-RHW**

**HUBERT RAY DAVIS,** *et al.*                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [29] Defendants' motion for summary judgment in this *pro se* prisoner's civil rights lawsuit filed by William Demon McBride on September 4, 2014 under 42 U.S.C. § 1983, while he was incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. McBride alleges in his complaint that he was sexually assaulted by another offender and sues Warden Davis and Corrections Officers Floyd Spots and Susan Cochran for failing to protect him. Specifically, McBride alleges that on July 18, 2014, while he was housed in Unit 10 at SMCI, another inmate in the same zone and housing unit threatened him. He reported this to the tower officer, and was sent to the Shift Commander's office where he told Captain Spots and Lieutenant Cochran about the threat. The officers had Plaintiff moved to an administrative holding cell by himself. Several hours later Captain Spots placed another offender in the cell with Plaintiff and the officers left the Shift Commander's office. Plaintiff alleges the cellmate forced Plaintiff to perform oral sex on him. When the officers returned to the Shift Commander's office, Plaintiff reported the incident to them, and Lt. Cochran took him to medical, where Plaintiff claims he was not provided medical attention or treatment for sexually transmitted diseases and no rape kit was done. As relief, Plaintiff seeks termination of Officers Spots and Cochran, and $10 million dollars in damages. [1]

Defendants urge the lawsuit should be dismissed because Plaintiff failed to exhaust available administrative remedies before he filed the case. In his complaint, Plaintiff states that at the time of the incident at issue he had been convicted and was an inmate of the Mississippi Department of Corrections (MDOC). He alleges he completed the Administrative Remedy Program (ARP), but then states as the results of the procedure that, "At this time no responed (*sic*) to this compliant (*sic*)." [1, p. 3] McBride filed no response to Defendants' summary judgment motion.

## **Summary Judgment Standard**

Rule 56(a), FED.R.CIV.P., states summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-movant may not rest upon mere allegations or denials; conclusory allegations will not suffice to defeat a summary judgment motion. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). To rebut a properly supported motion for summary judgment, the opposing party must show by "significant probative evidence" that there exists a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Law and Analysis

McBride himself alleges he was an MDOC inmate at the times pertinent to this action. There is no dispute that an administrative remedy program exists to address MDOC inmates' complaints. *See Howard v. Epps*, 2013 WL 2367880 at *2 (S.D. Miss. May 29, 2013)  And the affidavit of Joseph Cooley, ARP Investigator II for SMCI, establishes that McBride filed no grievance through the ARP at SMCI concerning the alleged sexual assault by a fellow inmate.

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed under 42 U.S.C. § 1983.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006)(holding "proper exhaustion of administrative remedies is necessary.")  The Fifth Circuit takes "a strict approach" to the exhaustion requirement.  *See Johnson v. Ford*, 261 Fed.Appx. 752, 755  (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes..."  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Dismissal is appropriate where an inmate has not properly exhausted the administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act.  *Wright*, 260 F.3d at 358.

## RECOMMENDATION

The undersigned recommends that the motion for summary judgment be granted, and Plaintiff's complaint, dismissed for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 19th day of March, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE